**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Dean L. SEXTON, Respondent.**

**No. 2007–SC–000461–KB.**

Supreme Court of Kentucky.

Sept. 20, 2007.

---

### *ORDER CONFIRMING AUTOMATIC SUSPENSION*

This matter is before the Court on the motion of the Kentucky Bar Association (KBA) for an order confirming the automatic suspension pursuant to SCR 3.166 of Respondent, Dean L. Sexton, whose KBA member number is 82668, who was admitted to the practice of law in this Commonwealth on November 4, 1988, and whose last known address is 7711 Stone Ledge Road, Louisville, Kentucky 40291. The Court grants the motion in accordance with SCR 3.166 due to Respondent's plea of guilty to and sentencing for a felony in the United States District Court for the Western District of Kentucky.

On May 2, 2006, Respondent was indicted on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 317. On November 15, 2006, Respondent, pursuant to an agreement with the federal prosecutors, pleaded guilty to the single count in the indictment. On June 18, 2007, Respondent was sentenced to thirty months in federal prison.

Pursuant to SCR 3.166(1),

Any member of the Kentucky Bar Association who pleads guilty to a felony ... in this State or in any other jurisdiction, shall be automatically suspended from the practice of law in this Commonwealth. "Felony" means an offense for which a sentence to a term of imprisonment of at least one (1) year was imposed. The imposition of probation, parole, diversion or any other type of discharge prior to the service of sentence, if one is imposed, shall not affect the automatic suspension. The suspension shall take effect automatically beginning on the day following the plea of guilty ... or upon the entry of judgment whichever occurs first. The suspension under this rule shall remain in effect until dissolved or superseded by order of the Court. Within thirty (30) days of the plea of guilty ... or entry of judgment whichever occurs first, the suspended attorney may file a motion with the Clerk of the Supreme Court of Kentucky setting forth any grounds which the attorney believes justify dissolution or modification of the suspension.

The KBA's motion includes a copy of the indictment, Respondent's plea agreement, and the judgment of conviction and sentence. The offense to which Respondent

pleaded guilty was a felony as defined by SCR 3.166(1), since Respondent was sentenced to a term of imprisonment of at least one year. Because Respondent pleaded guilty to a felony, he was automatically suspended from the practice of law by action of SCR 3.166(1) on November 16, 2006, the day after he entered his guilty plea. Respondent did not file a motion challenging or seeking to modify his suspension. The purpose of this order is to memorialize and confirm the fact that Respondent was automatically suspended from the practice of law in Kentucky by the action of SCR 3.166 beginning one day after the entry of his guilty plea.

Therefore, it is hereby ordered that:

1. Respondent's automatic suspension from the practice of law in the Commonwealth of Kentucky, effective November 16, 2006, is confirmed and shall continue until dissolved or superseded by subsequent order of this Court;

2. This order shall be published for the information and benefit of all members of the bar and public;

3. Pursuant to SCR 3.166(4), Respondent shall notify all his clients in writing of his inability to continue to represent them and shall furnish copies of all such letters to the Director of the KBA, shall make arrangements to return all active files to his clients or new counsel, shall return all unearned attorney fees and client property to his clients, and shall advise the Director of such arrangements, if Respondent has not already done so as required by the Rule within ten days of the plea of guilty;

4. Pursuant to SCR 3.166(5), if he has not done so already, Respondent shall immediately, to the extent possible, cancel and cease any advertising activities in which he is engaged; and

5. Pursuant to SCR 3.166(6), disciplinary proceedings against Respondent shall be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless he resigns under terms of disbarment.

LAMBERT, C.J.; CUNNINGHAM, MINTON, NOBLE, SCHRODER and SCOTT, JJ., concur.

ABRAMSON, J., not sitting.

ENTERED: September 20, 2007.

/s/ Joseph E. Lambert
CHIEF JUSTICE